Mr. Justice Clayton
delivered the opinion of the court.
There is no ground of equity upon which this bill of injunction can be sustained.
The note, out of which the controversy grows, was made payable in the bank at Memphis, and was negotiable' according to the laws of Tennessee. It was indorsed before it was filled up, but it does not appear that the holders had notice of any restrictions or limitations upon the extent of liability to be incurred. If there were objections to the note originally, they have been waived by the execution of the deed of trust, which in effect was an affirmance of the contract. The. charge of fraud and improper practice in procuring the deed of trust, is not sustained by the proof, and is positively denied by the answers. This is the only ground upon which equity could interfere, and it is taken away by the evidence.
The liability of the complainant upon his indorsement, is purely a legal question, and one of which a court of equity has no right to assume jurisdiction. If the complainant, by his own voluntary act, without fraud or-improper influence upon the part of the bank or its agents, has deprived himself of the means of making the defence at law, equity has no power to interpose in his behalf. Without expressing any opinion as to the original rights of the parties at law, we are clear that the complainant has made no case for equitable relief.
■ nphe is affirmed.